UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DEBRA PLACETTE aka** | § | |
| **DEBRA INNOCENTI** | § | |
|     Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 5:21-CV-1130 |
| | § | |
| **CITIMORTGAGE, INC. and CENLAR FSB** | § | |
|     Defendants. | § | |

## NOTICE OF REMOVAL

Defendants, CITIMORTGAGE, Inc. and CENLAR FSB (collectively, "Defendants"), hereby remove the state court action described below to this Court pursuant to 28 USC §§ 1332, 1441, and 1446.

## BACKGROUND

1. On November 2, 2021, Plaintiff Debra Placette aka Debra Innocenti ("Plaintiff") filed suit against Defendant in the 224th Judicial District Court of Bexar County, Texas, styled *Debra Placette aka Debra Innocenti vs. CITIMORTGAGE INC. and CENLAR FSB*, bearing Cause No. 2021CI22956 (the "Complaint").

2. Defendants have not been served with process. This removal is timely because this Notice is being filed within 30 days of service on Defendants.[1]

## DIVERSITY JURISDICTION EXISTS OVER THIS ACTION

3. This court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States."[2]

---

[1] *See* 28 U.S.C. 1446.
[2] 28 U.S.C. § 1332(a)(1).

### A. The Parties Are Diverse

4.  The Complaint alleges that Plaintiff is a citizen of Texas based on Plaintiff's domicile, as Plaintiff resides in Texas.[3]

5.  For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business.[4]

6.  CITIMORTGAGE, Inc. is a New York corporation with a principal place of business in Saint Charles, Missouri. Therefore, Defendant CITIMORTGAGE, Inc. is not a citizen of the State of Texas.

7.  For the purposes of diversity jurisdiction, a federal savings association shall be considered a citizen of the state in which it has its home office.[5]

8.  CENLAR FSB is a federal savings bank whose home office is in Ewing, New Jersey. Therefore, Defendant CENLAR FSB is not a citizen of the State of Texas.

9.  As such, there is complete diversity of citizenship between the parties.

### B. The Amount in Controversy Exceeds $75,000

10. The amount in controversy with respect to Plaintiff's claims exceeds $75,000.[6]

11. Here, Plaintiff has affirmatively pleaded for "monetary relief up to $200,000.00" and explicitly claimed that "the amount in controversy exceeds $75,000.00."[7]

12. Additionally, the Fifth Circuit has held that a removing party may establish jurisdiction by a preponderance of the evidence in either one of two ways: (1) by demonstrating that is it "facially apparent" from the petition that the claim likely exceeds $75,000; or (2) by

---

[3] *See* Complaint ¶ 2; *Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48, 109 (1989) ("For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").
[4] *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014).
[5] 12 USC §1464(x)
[6] *See* U.S.C. § 1332(a) and *Complaint* ¶ 5.
[7] *See* Complaint ¶ 3, 5.

setting forth facts that support the requisite finding.[8] In this context, district courts are permitted to conduct a "reasonable and common-sense analysis of the allegations in the plaintiff's petition."[9]

13. Among other claims, Plaintiff seeks an injunction to prevent a foreclosure sale.[10] When a borrower seeks an injunction to prevent the foreclosure sale of a property, then the ***amount in controversy is the value of the property*** at issue. As the Fifth Circuit has routinely held,

> In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. The purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the properties by [Lenders], establishes the properties as the object of the present litigation. As this court has explained, the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented. Borrowers' claimed injury was the potential loss of use and ownership of the properties. In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; ***the value of that property represents the amount in controversy***.[11]

Even when the borrower asserts a lesser amount in controversy than the value of the property, the actual amount in controversy when a borrower sues to obtain an injunction to prevent foreclosure is the value of the property to be sold.[12] In this case, Plaintiff seeks an injunction to prevent the sale of a property valued at $219,350.00.[13] The amount in controversy for the application for injunctive relief is at least $219,350.00 and far exceeds the minimum threshold for removal.

---

[8] *Allen v. R.H. Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[9] *Mosely v. Wal–Mart Stores Texas LLC,* 2011 WL 1532386, at *3 (N.D. Tex. April 21, 2011) ("this is one of those cases where the application of common sense and logic must prevail; otherwise an absurd result occurs"); *Allen*, 63 F.3d 1335 ("common sense" may guide a court's analysis).
[10] *Complaint* ¶ 16, 27.
[11] *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (internal quotations omitted) (emphasis added).
[12] *Buttelman v. Wells Fargo Bank, N.A.*, No. 5:11-CV-00654-XR, 2011 WL 5155919, at *3–4 (W.D. Tex. Oct. 28, 2011).
[13] *See* Bexar County Tax Appraisal attached as "**Exhibit D.**" It is appropriate for the Court to take judicial notice of the Bexar County Tax Appraisal because it is a public record and the information it provides is readily ascertainable and relevant to the matter at hand. *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

## VENUE

14. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending.

## NOTICE

15. Defendant has provided written notice of the filing of this Notice of Removal to all parties in this action and are filing a copy of this Notice of Removal with the clerk of the state court where the action is pending pursuant to 28 U.S.C. §1446(d).

## DOCUMENTS INCLUDED IN NOTICE OF REMOVAL

16. Pursuant to the Federal Rules of Civil Procedure, the following documents are attached to this Notice.

**Exhibit A – Index of Matters Being Filed**

**Exhibit B – Index of State Court File**[14]

**Exhibit C – List of Counsel of Record**

**Exhibit D – Bexar County Appraisal District Record**

WHEREFORE, PREMISES CONSIDERED, Defendants CITIMORTGAGE, Inc. and CENLAR FSB pray that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Judicial District Court for Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division.

---

[14] Defendants have requested the remaining documents from the state court and will supplement when they are received. The Complaint is attached.

Respectfully submitted,

HUSCH BLACKWELL, LLP

By: */s/ Sabrina A. Neff*
Sabrina A. Neff
TBN# 24065813
600 Travis St., Suite 2350
Houston, Texas 77002
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile
sabrina.neff@huschblackwell.com
ATTORNEYS FOR DEFENDANTS
CITIMORTGAGE, INC. and CENLAR FSB

OF COUNSEL

HUSCH BLACKWELL, LLP
600 Travis St., Suite 2350
Houston, Texas 77002
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice of Removal has been served upon the following on this the 15th day of November 2021:

Brian A. Marks          ***Via Facsimile: 210-941-0547***
THE LAW OFFICE OF BRIAN A. MARKS, PLLC
2318 NW Military Hwy
Suite 104
San Antonio, Texas 78231
*Counsel for Plaintiff*

By: */s/ Sabrina A. Neff*
Sabrina A. Neff